**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| AFFAN SIRAJ ZUHAYR EL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-00073-NCC |
| | ) | |
| | ) | |
| MICHAEL PARSONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on its own motion. On October 26, 2020, the Court ordered plaintiff Affan Siraj Zuhayr El to either file a motion for leave to proceed in forma pauperis or pay the full filing fee. (Docket No. 3). He was also directed to submit an amended complaint on a Court-provided form. The appropriate forms were sent to him, and he was given thirty days in which to comply. More than thirty days have elapsed, and plaintiff has not complied with the Court's order or filed a motion for additional time to do so. Therefore, for the reasons discussed below, the Court will dismiss this action without prejudice. *See* Fed. R. Civ. P. 41(b).

**Background**

Plaintiff is a self-represented litigant who filed a civil action on October 21, 2022, naming Governor Michael Parsons, Attorney General Eric S. Schmitt, Judge Thomas P. Redington, Prosecutor Corey R. Moon, Prosecutor Andrew A. Boster, Circuit Clerk Kimberly Hatfield, Conservation Agent Dustin Snead, Sheriff Allen Gudehus, Trooper Roy Smith, and Sheriff Lieutenant Rick Bishop as defendants. (Docket No. 1). In the complaint, plaintiff alleged that he had been wrongfully searched, handcuffed, and arrested for hunting without a license.

The complaint was not on a Court-provided form, as required. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). Additionally, plaintiff had failed to either file a motion for leave to proceed in forma pauperis or pay the filing fee. *See* E.D. Mo. L.R. 2.01(B)(1) ("The Clerk may refuse to receive and file any pleading or document in any case until the applicable statutory fee is paid, except in cases accompanied by a completed application to proceed in forma pauperis").

On October 26, 2022, the Court directed plaintiff to file an amended complaint on a Court form. (Docket No. 3). To aid his compliance, the appropriate form was sent to him. The Court also ordered plaintiff to either file a motion for leave to proceed in forma pauperis or pay the filing fee. A copy of the Court's motion for leave to proceed in forma pauperis form was sent to him. Plaintiff was given thirty days to comply with these directives. The Court advised him that his failure to comply would result in the dismissal of this action without prejudice and without further notice.

On November 4, 2022, the Court received from plaintiff a document titled "Entry of Default." (Docket No. 4). In the document, he asserted that the Clerk of Court had a fiduciary duty to enter judgment on his behalf in the amount of $10,800,000, because "the Defendants are in Default."

The deadline for plaintiff to comply with the Court's order of October 26, 2022 has expired, and the Court has received no further submissions from him.

### Discussion

As set forth above, on October 26, 2022, the Court ordered plaintiff to do two separate things: (1) file an amended complaint on a Court form, which was provided to him; and (2) either file a motion for leave to proceed in forma pauperis on the provided form, or pay the entire filing fee. He was given thirty days in which to comply. Plaintiff's responses were due on or before

Monday, November 28, 2022.[1] He was warned that the result of a failure to respond would be dismissal of this case without prejudice and without further notice.

The deadline for plaintiff's compliance has expired. Indeed, the Court has given him more than thirty days. Despite being given additional time, plaintiff has not filed an amended complaint, has not filed for leave to proceed in forma pauperis or paid the fee, and has not sought an extension of time in which to comply. Instead, he has submitted an entry of default, seeking to be awarded $10.8 million.

Even though he is a self-represented litigant, plaintiff must still comply with the Court's orders and with the Federal Rules of Civil Procedure. *See Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) ("In general, pro se representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure"). Under Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b). This rule applies to self-represented litigants. *See Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (noting that self-represented "litigants are not excused from compliance with substantive and procedural law"). The Court may dismiss an action under Rule 41(b) on its own motion. *Id*. (stating that the "district court has the power under Fed. R. Civ. P. 41(b) to dismiss an action for the plaintiff's failure to comply with any court order," and that "[a] court may so dismiss on its own initiative"). *See also Haley v. Kansas City Star*, 761 F.2d 489, 490 (8th Cir. 1985) ("A district court may, on its own motion, dismiss an action for failure of the plaintiff to comply with any order of the court").

---

[1]Thirty days from October 26, 2022 was Friday, November 25, 2022. However, the Court was closed on November 25 in observance of the Thanksgiving holiday. When the last day of the period is a "Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). As such, plaintiff's responses were due the following Monday, November 28, 2022.

In this case, plaintiff has not complied with the Court's order to file an amended complaint, or the Court's order to either file a motion for leave to proceed in forma pauperis or pay the filing fee. The Court further notes that plaintiff has engaged in a pattern of noncompliance, with five prior cases dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to follow court orders. *See Zuhayr El v. Snead, et al.*, No. 2:22-cv-22-HEA (E.D. Mo. June 28, 2022) (case dismissed under Fed. R. Civ. P. 41(b) for failure to file a motion for leave to proceed in forma pauperis or pay the filing fee as directed); *Zuhayr El v. Redington, et al.*, No. 2:22-cv-28-NCC (E.D. Mo. July 21, 2022) (case dismissed under Fed. R. Civ. P. 41(b) for failure to file a motion for leave to proceed in forma pauperis or pay the filing fee as directed); *Zuhayr El v. State Farm Ins. Co., et al.*, No. 4:22-cv-151-RLW (E.D. Mo. Aug. 17, 2022) (case dismissed under Fed. R. Civ. P. 41(b) for failure to file a motion for leave to proceed in forma pauperis or pay the filing fee as directed); *Zuhayr El v. Marriott Int'l, Inc.*, No. 4:22-cv-236-HEA (E.D. Mo. Mar. 1, 2022) (case dismissed under Fed. R. Civ. P. 12(h)(3) and Fed. R. Civ. P. 41(b) after plaintiff failed to file a show cause response demonstrating the Court's subject matter jurisdiction); and *Zuhayr El v. Bodenhausen, et al.*, No. 4:22-cv-520-RWS (E.D. Mo. Aug. 3, 2022) (case dismissed under Fed. R. Civ. P. 41(b) for failure to file a motion for leave to proceed in forma pauperis or pay the filing fee as directed).

Rather than file the forms as directed, plaintiff has chosen to disregard the Court's order by submitting an "Entry of Default." Because plaintiff has not complied with the Court's order of October 26, 2022, and because he has not sought an extension of time in which to do so, the Court will dismiss this action without prejudice. *See Dudley v. Miles*, 597 Fed. Appx. 392 (8th Cir. 2015) (affirming district court's Fed. R. Civ. P. 41(b) dismissal for failure to comply with a court order,

where plaintiff failed to follow an order to file an amended complaint, "[d]espite warnings that dismissal could result from his failure to do so").

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for failure to comply with the Court's Order of October 26, 2022. *See* Fed. R. Civ. P. 41(b). A separate order of dismissal will be entered herewith.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this <u>12th</u> day of December, 2022.